UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHEYANNE JOHNSON, a minor by and through her legal guardian, Heidi Lynn Avila; and CHRISTION JOHNSON, a minor, by and through his legal guardian, Heidi Lynn Avila,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; and THE HERTZ CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No. 2:12-cv-00481-RFB-VCF<br><br>ORDER |

**I.   BACKGROUND**

On April 10, 2010, minor plaintiffs Cheyanne Johnson and Christion Johnson walked southbound across Craig Road. At that time, Cheyanne was struck by a car, thrown and knocked out, and taken in an ambulance to UMC where she was treated for her injuries. Christion witnessed the event. Plaintiffs claim that the driver, Walter Price, failed to stop for plaintiffs Cheyanne and Christion who were in a marked crosswalk. Plaintiff's further claim Price was driving a car rented from Hertz Rent-a-Car (also known as Hertz Corporation, hereinafter "Hertz") and was acting in the course and scope of his employment with the United States at the time of the accident.

**II.   PROCEDURAL FACTS**

On March 21, 2012, Cheyanne and Christion, through their legal guardian Heidi Lynn Avila ("Plaintiffs"), sued Hertz and the United States ("Defendants"), under the Federal Tort

Claims Act ("FTCA"), for Negligent Operation of a Vehicle by a U.S. Employee (against the U.S.), Owner of a Negligent Vehicle (against Hertz), and Negligent Infliction of Emotional Distress (against the U.S.).  On June 27, Defendants answered the complaint.

On September 27, 2012, after conferring by phone, Hertz filed a Joint Status Report on behalf of all parties.  ECF No. 9.  In this report, the parties agreed to make initial disclosures within fourteen days and agreed that that Plaintiffs' counsel would prepare a draft discovery plan for Defendants' counsel's approval and submission to the court within seven days.  Plaintiffs did not make their initial disclosures; the motion papers are silent as to whether Defendants made theirs.  No discovery plan was filed.

In fact, this Joint Status Report was the last substantive filing on the docket until the present motion.  On December 5, 2012, Hertz filed an Association of Counsel.  On December 26, Judge Du filed her Standing Order.  On February 7, 2013, Hertz moved for Substitution of Attorneys, which Judge Du denied without prejudice on February 22.  On July 11, Hertz filed a Stipulation for Substitution of Attorney, which Magistrate Judge Ferenbach approved on July 12.  Finally, on April 10 the Clerk's office filed a LR 41-1 Notice Regarding Intent to Dismiss for Want of Prosecution, absent action taken by May 10.

Also on April 10, 2014, Defendants[1] filed the instant Motion to Dismiss for Want of Prosecution.  On April 28, Plaintiffs filed their response. On May 7, Plaintiffs filed a Notice of Prosecution indicating that on April 28 they had circulated a proposed discovery plan and scheduling order.  On May 8, Defendants filed their Reply to Plaintiffs response.

**III.    LEGAL STANDARDS**

Defendants filed for dismissal under Nevada Rules of Civil Procedure 41 and cited Nevada state court cases, both inapplicable to an FTCA case.  Rather, this motion is appropriately considered under the Federal Rules of Civil Procedure: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

---

[1] Due to an apparent oversight in the July 11, 2013 Stipulation for Substitution of Attorney, change of counsel was only effected for The Hertz Corporation and not the United States, as was intended.

1  action or any claim against it." Fed. R. Civ. P. 41(b).  A district court may impose the sanction
2  of dismissal for failure to prosecute only after considering five factors: "(1) the public's interest
3  in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
4  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
5  and (5) the availability of less drastic sanctions."  In re Phenylpropanolamine (PPA) Products
6  Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors are not conditions precedent—
7  and a court need not make explicit findings regarding each factor—but they are rather "a way for
8  a district judge to think about what to do."  Id. (internal quotation marks omitted).  Dismissal is
9  "so harsh a penalty it should be imposed as a sanction only in extreme circumstances."  Dahl v.
10 City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996).

12 **IV.    DISCUSSION**

13 After considering the available evidence, this Court denies Defendants' Motion to
14 Dismiss for the reasons given below.

15 In the instant case, the Court does not consider it necessary to step through each of the
16 factors listed in In re PPA.  Rather, the Court's focus is on the third factor: risk of prejudice.  An
17 unreasonable delay creates a presumption of prejudice to the defendant.  In re PPA, 460 F.3d at
18 1227.  "A plaintiff may proffer an excuse for delay that, if 'anything but frivolous,' shifts the
19 burden of production to the defendant to show at least some actual prejudice."  Id. at 1228.  If
20 such prejudice is shown, the burden shifts back to the plaintiff to show the claimed prejudice is
21 illusory or insignificant.  Id.

22 Plaintiffs' counsel has given an explanation of the circumstances leading to the failure to
23 prosecute.  Specifically, Plaintiffs' counsel indicated serious problems with an office manager
24 who was hired in September 2012 and eventually fired in November 2013.  In a letter to the
25 Nevada Department of Employment, Training and Rehabilitation During attached to her
26 Response, Plaintiffs' counsel described how, during the office manager's tenure, this office
27 manager among other things failed to calendar or follow-up correctly, forgot tasks and
28 instructions quickly and frequently, and failed to serve or file documents.  This is more than a

"frivolous" excuse.

In answering this excuse, Defendants demonstrate no actual prejudice and instead merely reassert the presumption of prejudice.

Although a party may be penalized for his or her counsel's actions, absent any demonstrated prejudice, this Court is unwilling to impose on these Plaintiffs "the most severe penalty," "authorized only in extreme circumstances." <u>Dahl</u>, 84 F.3d at 367.

**V.   ORDER**

IT IS THEREFORE ORDERED that Defendants' April 10, 2014 Motion to Dismiss for Failure to Prosecute is DENIED.  Parties are expected to move this case forward expeditiously.

DATED January 8, 2015.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE